```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                          :
                In Re:                                    :
                                                          :
JEAN S. JEAN-FRANCOIS,                                    :
                                                          :     MEMORANDUM & ORDER
                              Debtor-Appellant.           :
                                                          :     14-CV-434 (DLI)
                                                          :
                                                          :
----------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Debtor-Appellant Jean S. Jean-Francois appeals from an order of the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") entered on November 25, 2013, annulling the automatic stay that went into effect with Debtor-Appellant's chapter 13 bankruptcy filing on August 15, 2013, and from an order denying Debtor-Appellant's request for a continuance at the November 5, 2013 hearing on annulling the automatic stay. For the reasons set forth below, the Bankruptcy Court's decisions are affirmed.

**BACKGROUND**

Unless otherwise noted, the parties agree to the following facts. Debtor-Appellant purchased a mixed-use residential and commercial property located at 3502 Church Avenue, Brooklyn, New York (the "property") on February 28, 2007 for the sum of $750,000. (Br. of Debtor-Appellant at 2, Dkt. Entry No. 2.) In connection with this purchase, Debtor-Appellant used the property to secure a mortgage with Flushing Savings Bank in the amount of $562,500. (*Id.*)

Debtor-Appellant eventually fell behind on his mortgage payments and Flushing Savings Bank initiated a foreclosure action in New York State Supreme Court, Kings County. (Br. of Appellee at 7, Dkt. Entry No. 3.) Appellee, Church Avenue Partners, LLC, purchased the loan

1

from Flushing Savings Bank and was substituted for Flushing Savings Bank in the ongoing state foreclosure action. (Br. of Debtor-Appellant at 3.) A final Judgment of Foreclosure and Sale was entered in the foreclosure action on February 7, 2012 and was amended on or about May 31, 2013. (Br. of Appellee at 8; Judgment of Foreclosure and Sale annexed to Mot. for Relief from Stay attached to Notice of Appeal from Bankr. Ct. ("Notice of Appeal") as Ex. 5, Dkt. Entry No. 1.) A foreclosure sale date was scheduled for August 15, 2013. (Br. of Debtor-Appellant at 3.)[1]

On August 13, 2013, Debtor-Appellant attempted to file for chapter 13 bankruptcy in the Bankruptcy Court by filing a credit counseling certificate. He then sent a letter to Appellee indicating that he had filed for bankruptcy. (*Id.* at 4.) However, as the filing did not have an actual bankruptcy petition attached to it, the Clerk of the Bankruptcy Court issued a Notice of Defective Filing. (*Id.* at 4; Notice of Defective Filing attached to Notice of Appeal as Ex. 2.) Twenty minutes before the foreclosure sale, Debtor-Appellant learned of his mistake and refiled properly for chapter 13 bankruptcy giving effect to the automatic stay that attaches to all bankruptcy filings. (Br. of Debtor-Appellant at 4; Refiled Petition attached to Notice of Appeal as Ex. 3.) Meanwhile, Appellee went forward with the foreclosure sale and sold the property to a third party. (Br. of Debtor-Appellant at 4.)[2]

On September 17, 2013, the Chapter 13 Trustee filed a Motion to Dismiss Debtor-Appellant's bankruptcy because Debtor-Appellant had failed to: 1) submit any monthly pre-

---

[1] Appellee indicates that Debtor-Appellant may no longer be the rightful owner of this property. Debtor-Appellant, in his papers, fails to address Appellee's allegations that he transferred title to the property to Sheza J. Alizai on May 15, 2011 for no consideration and in violation of the mortgage terms. (Br. of Appellee at 7-8.) The Bankruptcy Court found that "the property is currently owned by another person." (Transcript of Amended Mot. for Violation of Automatic Stay, Mot. For Relief from Stay attached to Br. of Debtor-Appellant as Ex. A at 6.) However, as the Bankruptcy Court continued to analyze the annulment of the stay as if Debtor-Appellant had title to the property, this Court will do the same.

[2] Appellee asserts that he checked the PACER system for Debtor-Appellant's bankruptcy filing upon receiving Debtor-Appellant's letter and again on the morning of the foreclosure sale, but did not find the petition, only the credit counseling certificate. Appellee therefore "believed that it could still proceed with the foreclosure sale, since no case was commenced and no automatic stay arose." (Br. of Appellee at 8.)

2

confirmation payments to the Trustee; 2) file copies of pay statements from employers, written appraisals for properties, and lease agreements or affidavits from tenants; 3) provide the Trustee with his previous year's State and Federal Tax Returns; and 4) appear at the initial §341 meeting of creditors. (Mot. to Dismiss[3] attached to Notice of Appeal as Ex. 4.)

On September 24, 2013, Appellee filed a Motion for Order Modifying and Annulling the Automatic Stay ("Motion for Relief from Stay"). (Mot. for Relief from Stay attached to Notice of Appeal as Ex. 5.) Debtor-Appellant responded to the Motion on October 29, 2013. (Affirmation in Opposition attached to Notice of Appeal as Ex. 8.) The Bankruptcy Court heard oral argument on the Motion on November 5, 2013, and issued a verbal order at oral argument followed by a written order on November 25, 2013 annulling *nunc pro tunc* the automatic stay to August 15, 2013, and allowing the foreclosure sale to go through. (Transcript of Mot. For Relief from Stay attached to Br. of Debtor-Appellant as Ex. A at 16-17; Order Annulling the Automatic Stay attached to Notice of Appeal as Ex. 10.) Debtor-Appellant also requested an adjournment at oral argument because he had retained new counsel only several days prior and new counsel wanted more time to familiarize himself with the case. The Bankruptcy Court denied Debtor-Appellant's request for an adjournment. (Transcript of Mot. For Relief from Stay attached to Br. of Debtor-Appellant as Ex. A at 9-10.) Debtor-Appellant timely filed a Notice of Appeal as to both rulings on December 9, 2013. (Notice of Appeal at 1-2.)

Debtor-Appellant asserts that the Bankruptcy Court erred in annulling the automatic stay because: 1) Appellee had constructive notice of the bankruptcy and automatic stay;[4] 2) Appellee

---

[3] To clarify, this Court is not addressing a ruling on the Motion to Dismiss. The Motion to Dismiss was filed filed before the Bankruptcy Court and provided to the Court as part of the record below.

[4] In his appeal, Debtor-Appellant refers to the "absolutely outrageous and willful behaviors" of Appellee and discusses an incident on September 12, 2013 where Appellee allegedly evicted Debtor-Appellant and prevented him from using the property for church services. Debtor-Appellant asserts that these actions are indications that Appellee intentionally violated the automatic stay. (Br. of Debtor-Appellant at 10). Considering that there is

3

lacked a clear interest in the property in need of protection that justified exempting it from the automatic stay; 3) Debtor-Appellant did not file the bankruptcy action in bad faith; 4) Debtor-Appellant may have had equity in the property; 5) the property was necessary for Debtor-Appellant's effective reorganization; 6) relief from the automatic stay would not have been granted prior to the stay violation; and 7) Appellee's position did not detrimentally change due to Debtor-Appellant's actions. (Br. of Debtor-Appellant at 10-17.) Debtor-Appellant also asserts that the Bankruptcy Court abused its discretion when it refused to adjourn the case in order to allow Debtor-Appellant, who had hired new counsel one week earlier, to submit a "proper opposition" to Appellee's Motion for Relief from Stay. (Br. of Debtor-Appellant at 17-18.) Debtor-Appellant concedes that failure to grant retroactive relief from the automatic stay would have caused unnecessary expense to the creditor. (Br. of Debtor-Appellant at 16.)

**DISCUSSION**

**I.  Standard of Review**

Although the Second Circuit has addressed the standard of review for lifting automatic stays, it has not addressed directly the standard of review that should apply to decisions to annul automatic stays. Courts within this Circuit have reviewed these decisions for abuse of discretion. *In re Marketxt Holdings, Corp.*, 428 B.R. 579, 585 (S.D.N.Y. 2010) (citing to *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F. 2d 1280, 1286 (2d Cir. 1990) (bankruptcy court decisions to lift automatic stays should be reviewed for abuse of discretion)); *Koutsagelos v. PII SAM, LLC*, 2013 WL 2898120, at *3 (E.D.N.Y. 2013), *see also Schwartz v. Aquatic Dev. Grp., Inc. (In re Aquatic Dev. Grp., Inc.)*, 352 F. 3d 671, 677-78 (2d

---

absolutely no evidence in the record to support these accusations, and that Debtor-Appellant withdrew his Motion for Sanctions against Appellee regarding this matter when it was before the Bankruptcy Court, the Court is unable and unwilling to address these allegations. (Transcript of Mot. For Relief from Stay attached to Br. of Debtor-Appellant as Ex. A at 17).

4

Cir. 2003) (bankruptcy court decisions to provide *nunc pro tunc* relief should be reviewed for abuse of discretion). Abuse of discretion "exists when a bankruptcy court's decision either 'rest[s] on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding' or 'cannot be located within the range of permissible decisions.'" *Koutsagelos*, 2013 WL 2898120, at *3 (quoting *In re Aquatic Dev. Grp., Inc.*, 352 F. 3d at 678).

Similarly, a bankruptcy court's decision whether or not to adjourn the case is also reviewed for abuse of discretion. *Earl Realty, Inc. v. Leonetti (In re Leonetti)*, 28 B.R. 1003, 1008 (E.D. Pa. 1983) (citing to *Lamb v. Globe Seaways, Inc.*, 516 F. 2d 1352 (2d Cir. 1975)). "This Court will affirm orders denying continuances unless there is a showing both of arbitrariness and of prejudice to the defendant." *Farias v. Instructional Systems, Inc.*, 259 F. 3d 91, 100.

## II. The Bankruptcy Court Did Not Err in Annulling the Automatic Stay

The Bankruptcy Court did not abuse its discretion when it annulled the automatic stay to August 15, 2013, as it applied the appropriate legal standard and made the correct factual findings.

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition "triggers [an] automatic stay which protects the debtor from enforcement of pre-petition judgments obtained against the debtor or against property of the estate." *In re Bresler*, 119 B.R. 400, 402 (Bankr. E.D.N.Y. 1990) (citing to 11 U.S.C. § 362). "The automatic stay is 'effective immediately upon the filing of the petition, and any proceedings or actions described in section 362(a)(1) are void . . . if they occur after the automatic stay takes effect.'" *Koutsagelos*, 2013 WL 2898120, at *3 (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F. 3d 522, 527 (2d Cir. 1994)). Therefore, a "foreclosure sale conducted after the commencement of the [b]ankruptcy

[c]ase violates the automatic stay. This is true even if the party conducting the sale has no notice or knowledge that a petition in bankruptcy has been filed." *In re Bresler*, 119 B.R. at 402.

However, a bankruptcy court may take certain measures, including order an annulment, to grant relief from the automatic stay. 11 U.S.C. § 362(d). "An 'annulment' of the automatic stay grants retroactive relief, thereby validating past proceedings or actions that would otherwise be deemed void." *Koutsagelos*, 2013 WL 2898120, at *3. The Second Circuit has not set forth a test or specified particular factors that bankruptcy courts should use when evaluating whether to annul an automatic stay. *In re Marketxt Holdings, Corp.*, 428 B.R. at 586; *Koutsagelos*, 2013 WL 2898120, at *4. "Rather, bankruptcy courts are advised to adopt a holistic approach, where 'the facts of each [case] will determine whether relief is appropriate under the circumstances.'" *Koutsagelos*, 2013 WL 2898120, at *4 (quoting *In re Mazzeo*, 167 F. 3d 139, 142 (2d Cir. 1999)). In *In re Stockwell*, "the court set forth a list of factors courts should consider in determining whether circumstances are sufficiently compelling to warrant retroactive relief." *In re Marketxt Holdings, Corp.*, 428 B.R. at 587. The *Stockwell* factors recommend that courts examine:

> (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and (7) if the creditor has detrimentally changed its position on the basis of the action taken.

*In re Stockwell*, 262 B.R. 275, 281 (Bankr. D. Vt. 2001).

Courts within this Citcuit have relied on the *Stockwell* factors to determine whether to annul the automatic stay. *See, e.g. In re Marketxt Holdings, Corp.*, 428 B.R. at 587; *In re Cunningham*, 506 B.R. 334, 343-44 (Bankr. E.D.N.Y. 2014); *In re Ebadi*, 448 B.R. 308, 319

6

(Bankr. E.D.N.Y. 2011); *In re Pomerance*, 2011 WL 1403034, at *4 (Bankr. S.D.N.Y. 2011). In the instant case, the Bankruptcy Court relied on the first six *Stockwell* factors to determine that the stay should be annulled. (Transcript of Mot. For Relief from Stay attached to Br. of Debtor-Appellant as Ex. A at 16-17; Order Annulling the Automatic Stay attached to Notice of Appeal as Ex. 10.) The Court will analyze each of the *Stockwell* factors in turn.

First, the Bankruptcy Court correctly held that Appellee had no actual knowledge of the bankruptcy filing. Despite Debtor-Appellant's argument that the filing of the credit counseling certificate and mailing of a letter to Appellee on August 13, 2013, two days before the foreclosure, amounted to "constructive knowledge" of Debtor-Appellant's chapter 13 bankruptcy, the record clearly shows that the actual bankruptcy petition was not filed until twenty minutes prior to the foreclosure sale on August 15, 2013. Appellee asserted before the Bankruptcy Court that it checked the PACER system when it received the letter from Debtor-Appellant and again on the morning of the foreclosure sale. Appellee did not find Debtor-Appellant's bankruptcy petition in the system. (Application of Church Avenue Patners, LLC in Support of Mot. for Relief from Stay attached to Notice of Appeal as Ex. 5 at 3; Transcript of Mot. For Relief from Stay attached to Br. of Debtor-Appellant as Ex. A at 11-12.) Appellee could not have been expected to monitor constantly the PACER system for the filing of the bankruptcy petition, as Debtor-Appellant unreasonably asserts in his appeal. Furthermore, "a debtor is under a duty to exercise due diligence in protecting and pursuing his or her rights and in mitigating any damages with regard to a creditor's violation of the automatic stay." *In re Stockwell*, 262 B.R. at 281 (citing *In re Sammon*, 253 B.R. 672 (Bankr. D.S.C.2000)). Debtor-Appellant did not submit any evidence that he tried to alert Appellee about the automatic stay

after the bankruptcy petition was filed properly. Therefore, the Bankruptcy Court properly held that Appellee had no actual knowledge of the bankruptcy filing.

Second, the record amply supports the Bankruptcy Court's determination that Debtor-Appellant acted in bad faith. Debtor-Appellant asserts that the Bankruptcy Court did not find that he had acted in "bad faith." (Br. of Debtor-Appellant at 8.) This Court disagrees. Although the Bankruptcy Court found that it did not have to "really rule on good faith" to reach the decision to annul the stay, the Bankruptcy Court also stated that Debtor-Appellant's bankruptcy plan did not have the "hallmarks of a good faith effort to pursue a Chapter 13" and that, according to what the Bankruptcy Court had on the docket, it was "not a good faith effort, not a good faith filing." (Transcript of Amended Mot. for Violation of Automatic Stay, Mot. For Relief from Stay attached to Br. of Debtor-Appellant as Ex. A at 13.)

In *In re C-TC 9th Ave. P'ship*, the Second Circuit identified several factors that indicate a bad faith filing. *In re C-TC 9th Ave. P'ship*, 113 F. 3d 1304, 1310-11 (2d Cir. 1997). The factors that are relevant to this case are: (1) the debtor's inability to effectuate a plan; (2) the debtor's financial condition is a two-party dispute between the debtor and secured creditor that can be resolved in the pending state foreclosure action; (3) the timing of the debtor's filing evidences an intent to frustrate the legitimate efforts of the debtor's secured creditor to enforce its rights; and (4) the debtor has little or no cash flow. *Id.* Here, as evidenced in the Trustee's Motion to Dismiss, Debtor-Appellant did not take any steps after he filed the petition to move forward with his chapter 13 bankruptcy. He did not create a bankruptcy repayment plan, did not file his tax returns with the Trustee, did not make any payments to the Trustee, and even missed the initial §341 meeting of creditors. As Debtor-Appellant's main asset is the property, this clearly is a dispute between Debtor-Appellant and Appellee, which should be resolved through the pending state foreclosure action. In filing the bankruptcy petition twenty minutes before the foreclosure

sale, Debtor-Appellant undoubtedly was trying to prevent Appellee from selling the property and enforcing their rights. Lastly, Debtor-Appellant has provided scant evidence demonstrating his actual income and ability to effectuate a reorganization plan as he has not provided the Trustee with any of the requested information about his current financial situation. Although the Bankruptcy Court did not cite to specific case law in its decision, it used these factors to find that Debtor-Appellant acted in bad faith, findings with which this Court concurs.

Third, the Bankruptcy Court properly found that there was no equity in the property. The property is encumbered by debts that exceed its value. Debtor-Appellant argues that Appellee misclassified the property's worth as $750,000 in the state foreclosure action, when it actually sold at auction for $850,000. (Br. of Debtor-Appellant at 11.) He also asserts that Appellee deprived him of rental payments that he would have used towards mortgage payments. However, to use the Bankruptcy Court's words, "[t]here's no revisiting that in this court." (Transcript of Amended Mot. for Violation of Automatic Stay, Mot. For Relief from Stay attached to Br. of Debtor-Appellant as Ex. A at 6.) Regardless, under the Judgment of Foreclosure and Sale, Debtor-Appellant owes $1,131,973.80, which is $280,000 more than the property was sold for at auction. (Judgment of Foreclosure and Sale annexed to Mot. for Relief from Stay attached to Notice of Appeal as Ex. 5; Br. of Appellee at 9-10.) Therefore, Debtor-Appellant has no equity in the property.

Fourth, the Bankruptcy Court correctly held that there "is no indication whatsoever that there is any kind of reorganization in prospect." As stated earlier, the Debtor-Appellant has not taken any steps with the Trustee to reorganize and create a repayment plan. Consequently, the property could not possibly be necessary for reorganization. (Transcript of Amended Mot. for

Violation of Automatic Stay, Mot. For Relief from Stay attached to Br. of Debtor-Appellant as Ex. A at 16.)

Fifth, the Bankruptcy Court correctly concluded that a motion for relief from the automatic stay would have been granted, if filed before the violation. Sections 362(d)(1) and (2) state that relief from an automatic stay should be granted for cause (*e.g.*, if there is a bad faith filing), if the debtor does not have equity in the property, and if the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(1) and (2). As all three of those factors are present here, relief from the stay would have been granted.

Sixth, as the Debtor-Appellant has conceded, the Bankruptcy Court properly found that failure to grant retroactive relief would cause unnecessary expense to the creditor, not only in advertising and auction fees, but also in losing its good faith purchaser and possibly having to sell the property for a lesser value at a later date.

The Bankruptcy Court did not rely on the seventh *Stockwell* factor when making its decision to annul the automatic stay, but not every *Stockwell* factor must be met in order for the bankruptcy court to annul the stay. *See In re Marketxt Holdings, Corp.*, 428 B.R. at 589. Although Appellee did not change its position detrimentally because of Debtor-Appellant's actions, sufficient grounds to annul the stay existed under the other six factors.

After reviewing the Bankruptcy Court's analysis and factual determinations under the correctly applied *Stockwell* factors, this Court holds that the Bankruptcy Court did not abuse its discretion in annulling the automatic stay *nunc pro tunc* to August 15, 2013 and allowing the foreclosure sale to proceed.

## III. The Bankruptcy Court Did Not Err in Denying Appellant's Request for Adjournment

The Bankruptcy Court did not abuse its discretion in denying Debtor-Appellant's motion for adjournment. Debtor-Appellant filed his bankruptcy petition on August 15, 2013. Appellee's Motion for Relief from Stay was filed on September 24, 2013. Oral arguments were heard on the Motion over a month later, on November 5, 2013. Therefore, as correctly noted by the Bankruptcy Court, Debtor-Appellant had ample time to pursue both his bankruptcy petition and respond to Appellee's Motion. Debtor-Appellant's argument that he retained new counsel only one week prior to the oral argument date is not a sufficient showing of prejudice to overturn the Bankruptcy Court's decision, especially where Debtor-Appellant's attorney responded to the Motion.[5] Furthermore, one week should have been adequate time for Debtor-Appellant's new lawyer to become familiar with this case. As such, this Court finds that Debtor-Appellant has not shown that the Bankruptcy Court acted arbitrarily or that he was prejudiced, and the Bankruptcy Court's decision is affirmed.

---

[5] Debtor-Appellant also argues that the Bankruptcy Court did not recognize that he lacked counsel "at a critical phase of these proceedings, a time when opposition to the motion to annul the automatic stay was to [b]e filed." (Br. of Debtor-Appellant at 18.) As an initial matter, this is not an issue squarely before this Court. Debtor-Appellant's appeal asserts that the Bankruptcy Court erred in denying his motion to adjourn the hearing on the Motion for Relief from Stay, not that he was harmed because he was without counsel. Furthermore, the assertion is untrue as Debtor-Appellant did not lack counsel at any stage during the Bankruptcy Court proceedings and Debtor-Appellant's counsel timely responded to Appellee's Motion for Relief from Stay that is the subject of this appeal. (*Id.* at 9-10, 17-18; Affirmation in Opposition attached to Notice of Appeal as Ex. 8.) The Court cannot and will not address Debtor-Appellant's dissatisfaction with his counsel's representation.

## CONCLUSION

For the reasons set forth above, the decisions of the Bankruptcy Court are affirmed and the appeal is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge